# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| VOIT TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No: _____ |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| DRUCKER LABS, L.P. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Voit Technologies, LLC ("Voit" or "Plaintiff"), sues Drucker Labs, L.P. ("Drucker" or "Defendant"), for patent infringement, and alleges:

## NATURE OF THE ACTION

1. Voit owns United States Patent No. 6,226,412 B1 (the "Patent") by assignment. *See* Composite Exhibit "A."

2. The Abstract of the Patent states:

> Methods and apparatus are described which provide secure interactive communication of text and image information between a central server computer and one or more client computers located at remote sites for the purpose of storing and retrieving files describing unique products, services or individuals. Textual information and image data from one or more of the remote sites are stored separately at the location of the central server, with the image data being in a compressed form, and with the textual information being included in a relational database with identifiers associated with any related image data. Means are provided at the central computer for management of all textual information and image data received to ensure that all information may be independently retrieved. Requests are entered from remote terminals specifying particular subject matter, and the system is capable of responding to multiple simultaneously requests. Textual information is recalled and downloaded for review along with any subsequently requested image data to be displayed at a remote site. Various modes of data and image formatting are also disclosed, including encryption techniques to fortify data integrity.

3. Voit was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

4. Mr. Schwab invented what is claimed in the Patent.

5. The subject of the Patent was Mr. Schwab's vision and passion for several years. He attempted to commercialize the subject of the Patent, unfortunately without success. Mr. Schwab was ahead of his time. It would take years for online commerce to become popular.

6. Mr. Schwab has developed a number of other pioneering inventions resulting in patents in the areas of video archiving, video and image data compression, video and image distribution and storage, and secure network computing.

7. Mr. Schwab is a named inventor on more than thirty patents, ranging from consumer products, to video monitoring.

8. Through this Complaint, Voit alleges direct patent infringement, in violation of 35 U.S.C. § 271, against Drucker, set forth below as Count I.

## **PARTIES**

9. Voit is organized and existing under the laws of the state of Florida, and maintains its principal place of business at 28400 Northwestern Highway, Suite 130, Southfield, Michigan 48034.

10. Drucker is a limited partnership organized and existing under the laws of the state of Texas, and maintaining its principal place of business at 1600 Capital Ave, Suite 100, Plano, Texas, 75074.

## JURISDICTION AND VENUE

11. Pursuant to 28 U.S.C. §1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, including 35 U.S.C. § 1 *et. seq.*

12. This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the state of Texas. Defendant, directly or through intermediaries (including, but not limited to, subsidiaries, distributors, third party administrators, and the like), offers for sale, sells, and advertises its products and services in the United States, the state of Texas, and the Eastern District of Texas. Defendant, directly or through intermediaries, has committed the tort of patent infringement within the state of Texas, and more particularly, within the Eastern District of Texas. Defendant is engaging in substantial and not isolated activity within the state of Texas.

13. Pursuant to 28 U.S.C. §1400, venue is proper in this District.

## GENERAL ALLEGATIONS

14. The inventions claimed by the Patent represent a significant advance over the prior art.

15. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "B," Voit learned that Drucker infringed at least claims 1, 3-6, 8-10, 12, 13, 17-23[1] of the Patent through the use, sale,

---

[1] Dependent claim 19 erroneously reads "[t]he method of claim 1, wherein the second image format is identical to the second image format." Voit respectfully requests this Court correct claim 19 and read it as "[t]he method of claim wherein the second image format is identical to the <u>first</u> image format," since this error is evident on the face of the Patent, and the requested correction is supported by the Patent's specification. *See* Patent 7:66-8:22 ("In yet another embodiment, it should be understood that the image files may be stored in one particular format and remain in the same format as at the time of receipt and storage").

offer to sell, or importation of certain e-commerce software powering its website and online store, druckerlabs.com.

16. Drucker has knowledge of the Patent by way of this Complaint.

17. Voit has prepared a claim chart and will produce it in due course.

18. All conditions precedent to bringing this action occurred or were waived.

19. Voit has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

**COUNT I: DIRECT INFRINGEMENT OF THE 412 PATENT BY DRUCKER**

20. The allegations contained in paragraphs 1-19 above are hereby re-alleged as if fully set forth herein.

21. In violation of 35 U.S.C. § 271, Drucker made, used, offered to sell, sold and/or imported into the United States certain products, including its druckerlabs.com website and online store that infringed at least claims 1, 3-6, 8-10, 12, 13, 17-23 of the Patent.

22. Voit has been damaged by Drucker's infringement.

**WHEREFORE**, Voit respectfully requests the Court enter a judgment:

A. Finding that Drucker infringed the Patent;

B. Finding that Drucker's infringement was willful;

C. Awarding Voit the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

D. Awarding Voit pre-judgment interest and costs; and

E. Awarding Voit all such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 9, 2016

                                    Respectfully submitted,

*/s/ Angela M. Lipscomb*
Angela M. Lipscomb, Esq. (Fla. Bar: 31111)
Email: alipscomb@lebfirm.com
Alberto Interian III, Esq. (Fla. Bar: 69123)
Email: ainterian@lebfirm.com

**Lipscomb Eisenberg, PL**
2 South Biscayne Boulevard
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*