# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VOIT TECHNOLOGIES, LLC | § § | |
| v. | § § | Civil Action No. 4:16-CV-00695 |
| | § | Judge Mazzant |
| DRUCKER LABS, L.P. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Drucker Labs, L.P.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #15). After reviewing the relevant pleadings, the Court denies the motion.

## BACKGROUND

On September 9, 2016, Voit Technologies, LLC ("Voit") filed its complaint against Drucker Labs, L.P. ("Drucker"), alleging direct patent infringement of U.S. Patent No. 6,226,412 B1 (the "'412 Patent") along with a request that such infringement be deemed willful (Dkt. #1). On November 7, 2016, Drucker filed a motion to dismiss Voit's original complaint for failure to state a claim for both direct infringement and for willful infringement (Dkt. #5). In response, Voit amended its complaint (the "First Amended Complaint") and removed the request for willful infringement (Dkt. #11).

On December 19, 2016, Drucker filed a motion to dismiss Voit's First Amended Complaint (Dkt. #15). On January 13, 2017, Voit filed a response (Dkt. #19). On January 30, 2017, Drucker filed a reply (Dkt. #22). On February 20, 2017, Voit filed a sur-reply (Dkt. #28).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the

necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The '412 Patent claims "a method of buying and selling an item relating to unique subjects." '412 Patent at 11:5–6. Drucker asserts that the Court must dismiss Voit's First Amended Complaint because Voit has not established direct infringement of the '412 Patent. Specifically, Drucker argues that it neither practices every step of the claimed method nor directs or controls any entity that does so. Voit responds that it adequately pleaded direct infringement. Voit contends the First Amended Complaint and materials cited therein show that Drucker directed or control the Volusion e-commerce software and hardware to perform the claimed method.

An alleged infringer directly infringes a patent if the infringer, without authority, "makes, uses, offers to sell or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). Where the patented invention is a method, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "An entity is responsible for others' performance of method steps in two circumstances: (1) where the entity directs or controls the others' performance; and (2) where the actors form a joint enterprise." *Id.* In

3

determining whether one party directs or controls another, the Federal Circuit has stated that it will consider the general principles of vicarious liability and hold "an actor liable for infringement under § 271(a) if it acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method." *Id.* at 1022–23 (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379–81 (Fed. Cir. 2007)).

Here, Voit alleges in its First Amended Complaint that "Drucker is considered to not perform any of the claimed steps itself" (Dkt. #11 at ¶ 15). Voit further alleges that Drucker contracts with another entity "to perform such steps pursuant to a service agreement, and Drucker conditions payment to such entity upon such entity's performance of such steps" (Dkt. #11 at ¶ 16). Taking these facts as true and viewing them in the light most favorable to Voit, the Court determines that Voit pleaded sufficient facts to plausibly allege Drucker directly infringed the '412 Patent.

## CONCLUSION

It is therefore **ORDERED** that Drucker Labs, L.P.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #15) is **DENIED**.

**SIGNED this 4th day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE