IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **VOIT TECHNOLOGIES, LLC,** <br> Plaintiff, <br> <br> v. <br> <br> **DRUCKER LABS, L.P.,** <br> Defendant. | : <br> : <br> : <br> : Civil Action No. 16-cv-695-ALM <br> : <br> : **JURY TRIAL DEMANDED** <br> : <br> : <br> : |

### DEFENDANT DRUCKER LABS, L.P.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT

Defendant Drucker Labs, L.P. ("Drucker" or "Defendant"), by and through its undersigned counsel, for its First Amended Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint ("FAC") of Plaintiff Voit Technologies, LLC ("Voit" or "Plaintiff"), states and alleges as follows:

### NATURE OF THE ACTION

1. Voit owns United States Patent No. 6,226,412 B1 (the "Patent") by assignment. *See* Composite Exhibit "A."

**ANSWER:** Drucker admits that per USPTO records, Barry H. Schwab assigned his interest in United States Patent No. 6,226,412 B1 (the "Patent") to Voit in an assignment executed on March 15, 2012 and recorded on May 11, 2012. Drucker is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1 and therefore denies the same.

2. The Abstract of the Patent states:

> Methods and apparatus are described which provide secure interactive communication of text and image information between a central server computer and one or more client computers located at remote sites for the purpose of storing and

1

retrieving files describing unique products, services or individuals. Textual information and image data from one or more of the remote sites are stored separately at the location of the central server, with the image data being in a compressed form, and with the textual information being included in a relational database with identifiers associated with any related image data. Means are provided at the central computer for management of all textual information and image data received to ensure that all information may be independently retrieved. Requests are entered from remote terminals specifying particular subject matter, and the system is capable of responding to multiple simultaneously requests. Textual information is recalled and downloaded for review along with any subsequently requested image data to be displayed at a remote site. Various modes of data and image formatting are also disclosed, including encryption techniques to fortify data integrity.

**ANSWER:** Drucker admits that per USPTO records, the Abstract of the Patent is as stated in Paragraph 2.

3. Voit was formed in 2012 to commercialize inventions created by its founder, Barry Schwab.

ANSWER: Drucker is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 3 and therefore denies the same.

4. The subject of the Patent was Mr. Schwab's vision and passion for several years. He attempted to commercialize the subject of the Patent, unfortunately without success. Mr. Schwab was ahead of his time. It would take years for online commerce to become popular.

**ANSWER:** Drucker is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 4 and therefore denies the same.

5. Through this Complaint, Voit alleges direct patent infringement, in violation of 35 U.S.C. § 271, against Drucker, set forth below as Count I.

**ANSWER:** Drucker denies the allegation in Paragraph 5 in that it calls for a legal conclusion. To the extent that paragraph 5 does not call for a legal conclusion, Drucker denies that Voit's allegation of patent infringement against Drucker has any merit.

## PARTIES

6.      Voit is organized and existing under the laws of the state of Florida, and maintains its principal place of business at 28400 Northwestern Highway, Suite 130, Southfield, Michigan 48034.

**ANSWER:**    Drucker is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 6 and therefore denies the same.

7.      Drucker is a limited partnership organized and existing under the laws of the state of Texas, and maintaining its principal place of business at 1600 Capital Ave, Suite 100, Plano, Texas, 75074.

**ANSWER:**    Drucker admits the allegation of Paragraph 7.

## JURISDICTION AND VENUE

8.      Pursuant to 28 U.S.C. §1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, including 35 U.S.C. § 1 *et. seq.*

**ANSWER:**    Drucker admits this is an action that purports to arise under the Patent Laws of the United States, including 35 U.S.C. § 1 *et. seq.* and that this Court has subject matter jurisdiction but denies that there is any merit to any of the allegations of infringement of the Patent under the Patent Laws as alleged in this Complaint.

9.      This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the state of Texas.  Defendant, directly or through authorized agents (including, but not limited to, subsidiaries, distributors, third party administrators, and the like), offers for sale, sells, and advertises its products and services in the United States, the state of Texas, and the Eastern District of Texas. Defendant, directly or through authorized agents, has committed the tort of patent infringement within the state of Texas, and more particularly, within the Eastern District of Texas. Defendant is engaging in substantial and not isolated activity within the state of Texas.

**ANSWER:**    Drucker only admits that the Court has personal jurisdiction over Drucker. Drucker admits that it has conducted and does conduct business within the state of Texas and that it directly offers for sale, sells, and advertises its products and services in the United States, the state of Texas, and that it is engaging in substantial and not isolated activity within the state

3

of Texas and the Eastern District of Texas. Drucker denies the remaining allegations in Paragraph 9.

10. Pursuant to 28 U.S.C. §1400, venue is proper in this District.

**ANSWER:** Drucker admits that venue properly lies in this district as to Drucker.

## GENERAL ALLEGATIONS

11. The inventions claimed by the '412 Patent represent a significant advance over the prior art.

**ANSWER:** Denied.

12. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "B," Voit learned that Drucker infringed at least claims 1, 3-6, 8-10, 12, 13, 17-23 [footnote omitted] of the '412 Patent through the use of certain e-commerce software and hardware to provide Drucker's website and online store, druckerlabs.com.

**ANSWER:** Drucker lacks information or belief as to whether Voit "review[ed] publically available information including, but not limited to, the articles or relevant portions thereof attached . . . as Composite Exhibit "B" and therefore denies same. Drucker denies that Voit ever "learned" or formed a good faith belief "that Drucker infringed at least claims 1, 3-6, 8-10, 12, 13, 17-23 [footnote omitted] of the '412 Patent through the use of certain e-commerce software and hardware to provide Drucker's website and online store" or otherwise. The remaining allegations of Paragraph 12, including those contained in the footnote of Paragraph 12, are denied.

13. Voit has prepared a claim chart, which is attached hereto as Exhibit "C," and is incorporated by reference herein ("Preliminary Claim Chart").

**ANSWER:** Drucker admits that a table labelled "Preliminary Claim Chart" is attached as Exhibit C. Drucker denies that the Preliminary Claim Chart alleges and explains how Drucker performs each and every step of one or more claims of the '412 Patent or otherwise supports a

4

finding of infringement by Drucker or anyone else. To the extent not admitted, the remaining

allegations of Paragraph 13 are denied.

14. The Preliminary Claim Chart alleges and explains how Drucker performs each and every step of one or more claims of the '412 Patent.

**ANSWER:** Denied.

15. Further, to the extent that Drucker is considered to not perform any of the claimed steps itself, the Preliminary Claim Chart alleges and explains how Drucker directs or controls another to perform such steps.

**ANSWER:** Denied.

16. To the extent that any of the claimed method steps are considered to be performed by another entity, Drucker has contracted with such entity to perform such steps pursuant to a service agreement, and Drucker conditions payment to such entity upon such entity's performance of such steps.

**ANSWER:** Denied.

17. All conditions precedent to bringing this action occurred or were waived.

**ANSWER:** Denied.

18. Voit has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

**ANSWER:** Drucker is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations of Paragraph 18 and therefore denies the same.

### COUNT I: DIRECT INFRINGEMENT OF THE 412 PATENT BY DRUCKER

19. The allegations contained in paragraphs 1-18 above are hereby re-alleged as if fully set forth herein.

**ANSWER:** Drucker denies that Paragraph 1-18 are adequate to support Count I.

20. As set forth in Ex. C, in violation of 35 U.S.C. § 271, and in connection with the use of its website and online store www.druckerlabs.com in the United States, Drucker infringed the '412 Patents either literally or under the doctrine of equivalents, by performing each and every step set forth in at least claims 1, 3-6, 8-10, 12, 13, 17-23 of the '412 Patent.

5

**ANSWER:** Denied.

21. Voit has been damaged by Drucker's infringement.

**ANSWER:** Denied.

[Unnumbered Prayer for Relief]
WHEREFORE, Voit respectfully requests the Court enter a judgment:
A. Finding that Drucker infringed the '412 Patent;
B. Awarding Voit the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;
C. Awarding Voit pre-judgment interest and costs; and
D. Awarding Voit all such other and further relief as the Court deems just and proper.

**ANSWER:** Drucker denies that Plaintiff is entitled to any relief in this lawsuit, including as requested in Prayer for Relief Paragraphs (a) through (d) inclusive.

WHEREFORE, Defendant Drucker Labs, L.P. denies that Plaintiff Voit Technologies, LLC is entitled to any of the relief sought in its First Amended Complaint and requests that this Court enter judgment in favor of this defendant and against plaintiff as to all matters and claims raised, and that this Court award Drucker its costs, reasonable attorney's fees and such other relief as this Court deems just.

## AFFIRMATIVE DEFENSES

Defendant Drucker Labs, L.P. ("Drucker" or "Defendant") through its counsel, for its Affirmative Defenses to the First Amended Complaint of Plaintiff Voit Technologies, L.P. ("Voit" or "Plaintiff"), states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Patent in Suit is invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, and/or 112, including but not limited to for the

6

reasons detailed in Drucker's preliminary invalidity contentions served on Voit on or about March 3, 2017 pursuant to P.R. 3.3 and fully incorporated herein by reference, and that the Patent claims only recite patent-ineligible subject matter under 35 U.S.C. § 101 in accordance with the principles of *Alice Corp. v. CLS Bank International*, 573 U.S. __, 134 S. Ct. 2347 (2014) and its progeny.

## SECOND AFFIRMATIVE DEFENSE

The claims brought against Drucker in the First Amended Complaint are barred, in whole or in part, by the intervening rights acquired by Drucker pursuant to 35 U.S.C. § 41(c)(2). 35 U.S.C. § 41(c)(2) provides in relevant part that a patent:

> shall not abridge or affect the right of any person or that person's successors in business who made, purchased, offered to sell, or used anything protected by the patent within the United States . . . after the 6-month grace period but prior to acceptance of a maintenance fee under this subsection, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported."

Patentee allowed the patent to expire on or about June 1, 2009 by not timely paying the required maintenance fee and did not file a petition to accept late payment of maintenance fee for over a year, i.e., until on or about October 11, 2010. After June 1, 2009, which was after the 6-month grace period, and prior to acceptance of maintenance fee for the Patent in Suit by the Patent Office on or about October 11, 2010, Drucker used and continues to use the specific thing that is accused of infringement, i.e., the druckerlabs.com website that is and was hosted by Volusion LLC ("Volusion") using Volusion's software. Accordingly, pursuant to 35 U.S.C. § 41(c)(2), Voit is barred from abridging or affecting Drucker's right to continued use of its druckerlabs.com website accused of infringement in Plaintiff's First Amended Complaint,

7

including being barred from claiming the right to damages or royalties for its continued use of its druckerlabs.com website for any such use after June 1, 2009.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Patentee's failure to timely pay the required maintenance fee when due was intentional and the certification in the petition to accept late payment of the maintenance fee asserting that the delay in payment was unintentional was knowingly false. In particular, the petition to accept late payment of the maintenance fee required certification that the delay in payment of the maintenance fee was unintentional and Plaintiff, the Patentee or their attorney made the required certified statement. However, Plaintiff has admitted that the named inventor, Barry Schwab, "attempted to commercialize the subject of the Patent, unfortunately without success" and has claimed that he was "ahead of his time" and that "[i]t would take years for online commerce to become popular." Also, in connection with the parent of the application for the Patent, in or about 1996 or 1997, Mr. Schwab intentionally refused to pay attorney's fees due his attorney at the time, which reasonably supports the conclusion that, in matters relating to the Patent, Mr. Schwab made conscious decisions about what he would choose to pay and did not part with money lightly.

Plaintiff's admissions regarding Mr. Schwab's lack of success; Mr. Schwab allegedly being "ahead of his time;" that online commerce would not become popular for "years" thereafter; and that, in matters relating to the subject matter of the Patent, Mr. Schwab made conscious decisions about what he would choose to pay and did not part with his money lightly, all reasonably support the conclusion that, to save money, Mr. Schwab intentionally chose not to pay the maintenance fee when it was due and through the end of the grace period, and that his attorneys knew this. Accordingly, on information and belief, the certification in the petition to

accept late payment of the maintenance on the asserted basis that the delay in payment of the maintenance fee was unintentional was false and known to be false at the time by Mr. Schwab and/or his attorneys. Accordingly, by reason of this material and false misrepresentation, the Patent is unenforceable for inequitable conduct.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is seeking an award of punitive or exemplary damages, given the failure to pay maintenance fees as alleged the Second Affirmative Defense and both intentional inaction and material misrepresentation in connection with the Third Affirmative Defense, an award of punitive or exemplary damages would violate the due process clause(s) of the Fifth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Defendant Drucker Labs, L.P. denies that Plaintiff Voit Technologies, LLC is entitled to any of the relief sought in its First Amended Complaint and respectfully requests that this Court enter judgment in favor of Defendant Drucker Labs, L.P. and against Plaintiff Voit Technologies, LLC as to all matters and claims raised in the First Amended Complaint, plus costs, reasonable attorney's fees and such other relief as this Court deems just and appropriate under the circumstances.

### COUNTERCLAIMS

Counterplaintiff(s) Drucker Labs, L.P. ("**Drucker**"), through its undersigned counsel, for its Counterclaims against Counterdefendant Voit Technologies, LLC ("**Voit**") for declaratory judgment of invalidity and/or unenforceability of United States Patent No. 6,226,412 B1 (the "Patent") and for other relief states and alleges as follows:

### INTRODUCTION

9

1. This is an action for declaratory judgment of invalidity and unenforceability. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*., and the patent laws of the United States, Title 35 of the United States Code.

2. Voit is organized and existing under the laws of the state of Florida, and maintains its principal place of business at 28400 Northwestern Highway, Suite 130, Southfield, Michigan 48034.

3. Drucker is a limited partnership organized and existing under the laws of the state of Texas, and maintaining its principal place of business at 1600 Capital Ave, Suite 100, Plano, Texas, 75074.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Voit because Voit has availed itself of the rights and privileges of this forum by suing Drucker in this District.

6. Venue in this action is premised on 28 U.S.C. § 1391(b)(2) in that events giving rise to this claim occurred in this District, and Voit filed its own action in this forum.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the Patent)

7. Drucker incorporates by reference the facts averred in the Affirmative Defenses and Paragraphs 1-6 above.

8. A present, genuine and justiciable controversy exists between Drucker and Voit regarding, *inter alia*, whether any claims of the Patent are infringed by Drucker.

9. Drucker is entitled to a judicial decision that the claims of the Patent are not infringed by Drucker.

### COUNT III

### (Declaratory Judgment of Invalidity of the Patent)

10. Drucker incorporates by reference the facts averred in the Affirmative Defenses and Paragraphs 1-9 above.

11. A present, genuine and justiciable controversy exists between Drucker and Voit regarding, *inter alia*, the invalidity of the Patent.

12. The claims of the Patent in Suit are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. § § 101, 102, 103, and/or 112, including but not limited to for the reasons detailed in Drucker's preliminary invalidity contentions served on Voit on or about March 3, 2017 pursuant to P.R. 3.3 and fully incorporated herein by reference, and that the Patent claims only recite patent-ineligible subject matter under 35 U.S.C. § 101 in accordance with the principles of *Alice Corp. v. CLS Bank International*, 573 U.S. __, 134 S. Ct. 2347 (2014) and its progeny.

13. Drucker is entitled to a judicial decision that the claims of the Patent are invalid.

### COUNT IV

### (Declaratory Judgment of Unenforeability)

14. Drucker incorporates by reference the facts averred in the Affirmative Defenses and Paragraphs 1-13 above.

15. A present, genuine and justiciable controversy exists between Drucker and Voit regarding, *inter alia*, the unenforceablity of the Patent.

16. Upon information and belief, Patentee's failure to pay the required maintenance fee when due was not unintentional and its later petition asserting that it was unintentional was a material and knowingly false misrepresentation. Accordingly, by reason of this material and false

misrepresentation, Drucker is entitled to a declaration that the Patent is unenforceable by reason of inequitable conduct.

## COUNT V
## (Exceptional Case Under 35 U.S.C. § 285)

17. Drucker incorporates by reference the facts averred in the Affirmative Defenses and Paragraphs 1-16 above.

18. Voit brought this action against Drucker in bad faith, with knowledge that the Patent is invalid, that Drucker does not infringe the Patent, that Voit is barred by 35 U.S.C. § 41 (c)(2) from bringing its claims for infringement against Drucker's continued use of the druckerlabs.com website after June 1, 2009 and from claiming damages therefor, and/or that the Patent is unenforceable by reason of Voit's inequitable conduct.

19. The foregoing actions by Voit render this an exceptional case, entitling Drucker Labs, L.P. to an award of its reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## 1. RELIEF REQUESTED

WHEREFORE, Defendant and Counterplaintiff Drucker Labs, L.P. respectfully requests that this Court enter judgment in its favor and against Plaintiff and Counterdefendant Voit Technologies, LLC, and that this Court enter an order granting the following relief:

(a) Declaring the Patent is unenforceable;

(b) Declaring all claims of the Patent to be invalid;

(c) Declaring that Drucker has not infringed any claims of the Patent;

(d) Finding that, pursuant to 35 U.S.C. § 41(c)(2), Voit is barred from abridging or affecting Drucker's right to continued use of its druckerlabs.com website accused of infringement in Plaintiff's First Amended Complaint, including finding that Voit is barred from claiming the right

to royalties or damages for alleged infringement by continued use of the druckerlabs.com website after June 1, 2009.

(e) Finding that this action is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Drucker Labs, L.P. its reasonable attorneys' fees and costs incurred in this action;

(f) Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Drucker hereby demands a trial by jury for all issues so triable in the First Amended Complaint and these First Amended Affirmative Defenses and Counterclaims.

Respectfully submitted,

/s/Theodore F. Shiells\_\_\_\_
Theodore F. Shiells
Shiells Law Firm P.C.
1910 Pacific Ave., Suite 14000
Dallas, Texas 75201
Tel: (214) 979-7312
Fax: (214) 872-8860
tfshiells@shiellslaw.com

*Attorneys for Defendant*
*Drucker Labs, L.P.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System which will serve all counsel of record by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

| | |
|---|---|
| Dated: June 16, 2017 | /s/ Theodore F. Shiells |
| | Theodore F. Shiells |